813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Grover C. SNIDER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3529.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Dec. 4, 1986.
 
 Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 Carl Nash (Nash & Nash on brief) for petitioner.
 Michael J. Denney, U.S. Department of Labor (George R. Salem, Deputy Solicitor; Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation on brief) for respondent.
 PER CURIAM:
 
 
 1
 Grover C. Snider petitions for review of an order of the Benefits Review Board ("the Board") denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. The essential question is whether Snider worked in the mines for ten years or more, so as to be entitled to the interim presumption of disability set out at 20 C.F.R. Sec. 727.203 (1986).[1] Without the benefit of that presumption, the medical evidence in Snider's case is insufficient to establish any disability from pneumoconiosis or other mining-related pulmonary problems. Finding the decision to deny benefits to be without procedural error and supported by substantial evidence, we affirm.
 
 
 2
 Snider originally applied for black lung benefits on December 12, 1973. His application was denied, but was automatically reviewed following enactment of the Black Lung Benefits Reform Act of 1977.[2] See 30 U.S.C. Sec. 945 (1982). The claim was again denied and was thereafter referred to an administrative law judge (ALJ) for a formal hearing.
 
 
 3
 The ALJ conducted the hearing in Cleveland, Ohio, on February 2, 1982. He held, in a Decision and Order on April 19, 1982, that Snider was not totally disabled from pneumoconiosis. Snider failed to establish that he had worked in coal mines for more than two and one-quarter years. The ALJ accordingly denied benefits. After the ALJ denied Snider's Motion for Reconsideration, Snider appealed the decision to the Benefits Review Board. On April 25, 1985, the Board issued a Decision and Order affirming the denial of benefits. Snider filed a petition for review in the United States Court of Appeals for the Sixth Circuit on June 24, 1985, and the appeal was transferred to this court on March 13, 1986.
 
 
 4
 One of the few burdens of proof that claimants for black lung benefits must bear under the interim presumption is a showing of ten years of coal mine employment. Snider testified to his history of mine work in various locations and produced affidavits from some fellow miners, but the testimony and affidavits were rife with inconsistencies. The Director, Office of Workers' Compensation Programs, introduced an Itemized Statement of Earnings (ISE) showing the source and amounts of earnings by Snider that made their way into the Social Security system from 1943 to 1973, the years in which Snider claimed to be employed. By crediting all quarters on the ISE that showed coal mine income of over $50, the ALJ counted a total of nine quarters, or two and one-quarter years. Due to the confused and contradictory evidence introduced by Snider, the ALJ viewed the Social Security records as the most probative indication of length of employment in the case.
 
 
 5
 The ISE may not always be the best evidence of employment duration, because some mine employment may not be covered by the Social Security system. But the miner must establish why the government records are inaccurate and demonstrate some other basis for finding ten years of qualifying employment. In this case, the earnings records were substantial evidence for the ALJ's conclusion that Snider had not worked long enough as a miner to invoke the interim presumption.
 
 
 6
 The medical evidence in the case consisted of four x-rays, none of which were read positive for pneumoconiosis. The doctors who examined Snider from time to time found a number of disabling conditions--chronic obstructive pulmonary disease with chronic bronchitis, arteriosclerotic heart disease, gout, hypertension and possibly emphysema--but none of the doctors offered a medical opinion that the diseases were due to coal dust exposure. In light of this medical record, the ALJ had substantial evidence for his conclusion that Snider was not totally disabled from mine-related disease.
 
 
 7
 Upon consideration of the record, briefs and argument in this case, we find that this appeal is without merit. Accordingly, we affirm the Benefits Review Board's decision denying Snider's claim.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Under this section, miners who can show that they performed mine work for more than ten years and who can offer some qualifying evidence of pneumoconiosis or other disabling pulmonary disease, in accordance with the requirements of Sec. 727.203(a), are presumed to be totally disabled. They are entitled to benefits, unless this interim presumption is rebutted in accordance with Sec. 727.203(b). See generally Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986)
 
 
 [2]
 Pub.L. No. 95-239, 92 Stat. 95 (codified as amended in scattered sections of 30 U.S.C.). Review of claims under the 1977 Act is carried out as provided in 20 C.F.R. Sec. 727.1 et seq., which includes the interim presumption